UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                    CRIMINAL NO. 3:26-CR-40-DPJ-ASH-3

MARCUS SANDERS

ORDER

On May 5, 2026, the federal grand jury returned an indictment against Defendant Marcus

Sanders and five others on drug-trafficking charges. Sanders is charged with a single count of

conspiracy to possess with intent to distribute a detectable amount of cocaine. He was arrested

and had an initial appearance before the undersigned on May 19, 2026. The Government moved

for detention under 18 U.S.C. § 3142(f)(1)(C), and a detention hearing was held on May 21,

2026. After hearing testimony and argument, the Court ordered Sanders detained pending trial.

Thereafter the Court issued its Order of Detention Pending Trial [48]. The Court entered

a corrected Order [96] on August 4, 2026, to address a typographical error in Order [48] that

inadvertently left unchecked the first two boxes under Part III on page 3. In that Order [96], the

Court found that "[t]here is a rebuttable presumption" arising under 18 U.S.C. § 3142(e)(3)

> that no condition or combination of conditions will reasonably
> assure the appearance of the defendant as required and the safety of
> the community because there is probable cause to believe that the
> defendant committed . . . an offense for which the maximum term
> of imprisonment of 10 years or more is prescribed in the Controlled
> Substances Act.

Order [96] at 2. And while the Court found Sanders rebutted the presumption, it concluded that

the Government proved both "[b]y clear and convincing evidence that no condition or

combination of conditions of release will reasonably assure the safety of any other person and

the community," and "by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." *Id.* at 3.

Sanders now asks the Court to reconsider its detention order. Mot. [66]. He brings his motion under two code sections. The first, 18 U.S.C. § 3142(f), provides in relevant part that a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that *was not known to the movant at the time of the hearing* and that *has a material bearing on the issues* whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

(Emphasis added). Sanders alternatively brings his motion under 18 U.S.C. § 3145. Mot. [66] at 1. That section allows for persons detained pursuant to a magistrate judge's order to move for "revocation or amendment of the order." 18 U.S.C. § 3145(b). Because Sanders's motion asks for "review and amend[ment] [of] the detention order," Mot. [66] at 1, and not the "revocation" of the Order, the undersigned finds that it fits better within the magistrate judge's jurisdiction. Additionally, Sanders docketed his motion as a Motion to Reopen Detention Hearing and Reconsider Detention Order. This further indicates that it is for the magistrate judge to decide.[1]

A § 3142(f) motion is evaluated using a two-pronged analysis. *United States v. Jacob*, No. CR 21-31, 2023 WL 2867324, at *4 (E.D. La. Apr. 10, 2023). To reopen the detention hearing, "the movant must present information that is both new and material to [his] risk of [nonappearance] or danger to the community." *United States v. King*, No. 3:21-CR-439, 2022

---

[1] If Sanders disagrees with the undersigned's decision, he may file a separate motion seeking review by the district judge pursuant to 18 U.S.C. § 3145. In that case, he should unambiguously indicate he is seeking review and revocation by the district judge of the magistrate judge's decision pursuant to 18 U.S.C. § 3145, not reconsideration and reopening of the detention hearing under 18 U.S.C. § 3142(f).

2

WL 2670277, at *3 (N.D. Tex. July 8, 2022) (citing *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010)). To be "new" the information must have been both unknown to the movant at the time of the original detention hearing (actual knowledge) and unavailable to the movant (constructive knowledge). *See United States v. Hemani*, 684 F. Supp. 3d 579, 584 (E.D. Tex. 2023). "[C]ourts have interpreted the requirements of this provision strictly." *Jacob*, 2023 WL 2867324, at *5 (collecting cases). The movant bears the burden to prove that the proffered information is "new." *United States v. Reddy*, No. 3:19-CR-597, 2020 WL 1862564, at *1 (N.D. Tex. Apr. 13, 2020) (Ramirez, M.J.). "Conclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable." *Id.*

Regarding materiality, the movant must explain how the information proffered in support of a motion to reopen a detention hearing under § 3142(f) is consequential to the court's earlier detention analysis "in some *significant* or *essential* way." *Hemani*, 684 F. Supp. at 584 (quoting *United States v. Worrell*, No. 1:21-CR-292, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021)). In other words, the movant must show that the "new" information could reasonably be expected to alter the court's detention analysis. *Id.* If the court, when taking the proposed new information as true, can determine that its detention analysis remains unchanged, then there is no cause for a new detention hearing. *See United States v. Metcalf*, No. 3:24-CR-5-1, 2024 WL 4432227, at *2 (S.D. Tex. Sept. 25, 2024).

Sanders fails to satisfy either prong of the § 3142(f) analysis. His argument boils down to an assertion that new, consequential information has come to light. And he says that this "new" information would cause the Court to conclude that the risks inherent in releasing Sanders could be mitigated. Mem. [67] at 8.

3

Sanders's motion is centered on 532 pages of medical records ("medical records"), Ex. [69], he has filed in support. He argues that had these medical records been before the Court at the detention hearing, then the outcome would have been different. Mem. [67] at 4. He asserts that these medical records show that the Court could impose conditions that would address the concerns related to non-appearance and community danger. But his argument fails, mainly because the information does not qualify as new.

Starting with the first prong of a § 3142(f) analysis, Sanders asserts "[t]he [medical] records had not yet been obtained" at the time of the detention hearing and so "[t]hey are therefore new for . . . § 3142(f) [purposes]." *Id.* 3–4. The Court disagrees. "New" evidence under § 3142(f) is evidence that was unknown to the movant at the time of the original detention hearing. *Hemani*, 684 F. Supp. at 584. And a movant is said to possess "constructive knowledge" of the evidence if such evidence was available to the movant at the time of the hearing through the exercise of "reasonable care or diligence." *Id.* (quoting *United States v. Munguia*, No. 3:19-cr-191, 2020 WL 1471741, at *3 (N.D. Tex. Mar. 26, 2020)).

Here, there is no doubt that Sanders knew or was charged with constructive knowledge of the information contained within his own medical records. And while the Court can understand counsel's dilemma that by the time he was appointed there was little if any time left for him to obtain the medical records, Mem. [67] at 4, that's not the relevant focus of § 3142(f). Rather, the inquiry is focused on whether Sanders, not his counsel, can be charged with knowledge of the records. *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010). In any event, to the extent Sanders's arguments raise fairness concerns, they are alleviated by the inability of Sanders to show that the medical records are material to the Court's detention decision.

Moving to the materiality prong, the Court has evaluated Sanders's argument under the assumption that the records show what he claims. *Metcalf*, 2024 WL 4432227, at \*2. But even with the benefit of that assumption, Sanders still fails to demonstrate that they are material. Sanders argues that the medical records show that the Court can impose conditions—principally home confinement and monitoring by pretrial services—that will reasonably assure his appearance and mitigate his threat to the community. Mem. [67] at 4–6. Sanders points to a few specifics; the records show that he recently underwent shoulder replacement surgery, lives at a fixed address, and is on a medication regimen. None of this "ha[s] a material bearing" on the conclusion that Sanders poses an unmitigable risk of non-appearance and danger to the community. *Hemani*, 684 F. Supp. 3d at 585.

The Court's prior conclusion that no condition or combination of conditions can reasonably assure Sanders's appearance at trial or the safety of the community was driven by an analysis the § 3142(g) factors. The Court found detaining Sanders was necessary because:

> [t]he offense charged . . . involves . . . a controlled substance, [the] weight of evidence against the defendant is strong, [Sanders] is subject to a lengthy period of incarceration if convicted, [Sanders has previously] attempt[ed] to evade law enforcement, [Sanders] has a history of alcohol or substance abuse, [Sanders has a] prior criminal history, and [Sanders's] releases poses serious danger to . . . the community.

Order [96] at 3. The Court further found that Sanders poses "a risk of ongoing drug trafficking under *U[nited] S[tates] v. Hare*, 873 F.2d 796 (5th Cir. 1989)." *Id.* at 4. The medical records do nothing to convince the Court that the § 3142(g) factors it found weighed in favor of detention should instead be assigned a neutral weight, much less weighed in favor of release. In other words, the facts Sanders asserts these records show do not make him less of a risk of non-appearance or less of a risk to the community under *Hare*. So, the medical records do not "relate in a 'significant' way to the concerns" that if released Sanders will either fail to appear or pose a

risk to the community. *Hemani*, 684 F. Supp. 3d at 585 (quoting *Worrell*, 2021 WL 2366934, at *9). The undersigned finds the records are immaterial. *Id.* at 584.

Moreover, Sanders doesn't provide a pinpoint citation for any of the medical records. And, as mentioned, those records are voluminous; they span 532 pages. *See* Ex. [69]. This undermines Sanders's materiality argument. For example, Sanders asserts that "[t]he records . . . establish ongoing treatment needs," Mem. [67] at 5, but he fails to cite to a specific portion of the medical records showing this. He goes on to claim that "[h]is recovery and follow-up [appointments] supply the only legitimate, documented reasons for movement outside the home, and Pretrial Services can verify each one through provider records and travel restrictions." *Id.* at 6. Precisely how do the medical records support such an assertion? Sanders doesn't explain.

Lastly, Sanders argues that "humanitarian concerns" stemming from his medical needs weigh in favor of a new detention hearing. *Id.* at 8. But these are not properly considered under a § 3142(f) analysis. *See Metcalf*, 2024 WL 4432227, at *2 ("[M]edical needs 'would not typically factor into an analysis of whether to reopen detention under 18 U.S.C. § 3142(f)(2) . . . .'" (citation omitted)).

Accordingly, Sanders has not convinced the Court that the medical records constitute new and material information that has a bearing on whether there are conditions of release that will reasonably assure his future appearance and the safety of the community. *See Stanford*, 367 F. App'x at 510–11 (affirming refusal to reopen defendant's detention hearing where plan for armed, home detention was not asserted at the detention hearing but was based on information that would have been known to defendant at the time of the detention hearing). Sanders's motion is denied.

**SO ORDERED AND ADJUDGED** this the 4th day of August, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE